IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL A. EVANS,
      Plaintiff,

vs.                                Case No. 3:09cv467/MCR/EMT

STATE OF FLORIDA DEPARTMENT OF
REVENUE CHILD SUPPORT ENFORCEMENT,
      Defendant.
_____/

## ORDER, REPORT AND RECOMMENDATION

Plaintiff, a non-prisoner proceeding pro se, commenced this action by filing a notice of removal, pursuant to 28 U.S.C. §§ 1441, 1443, 1446, seeking to remove State of Florida Department of Revenue Child Support Enforcement, on behalf of: Lynisha Twanta Campbell v. Michael A. Evans, Case No. 2009 DR 5489, from the Circuit Court in and for Okaloosa County, Florida to this court (Doc. 1). Plaintiff has also filed a motion for leave to proceed in forma pauperis (Doc. 4), which will be granted.

After careful consideration of the record in this case, the undersigned concludes that this court lacks a proper basis for removal jurisdiction of the state court action, and the state court matter should be remanded to the state court from which it was removed.

In the notice of removal, Evans states that on September 18, 2009, he was served with a complaint filed by the Florida Department of Revenue (DOR) in the Circuit Court in and for Okaloosa County to enforce an administrative child support order (*see* Doc. 1 at 2, Appx. A). On October 8, 2009, Evans filed a motion for extension of time to file an answer to the complaint (*id.* at 2). He then sought to remove the state court action to this court.

As grounds for removal, Evans contends that the state statutes upon which the DOR is proceeding in state court, that is, Florida Statutes §§ 409.2561 and 409.2563, are unconstitutional because they authorize the DOR to initiate and prosecute a child support enforcement action against a non-custodial parent even though the custodial parent has not received temporary cash assistance,

foster care payments, or requested that the DOR proceed to collect child support of his or her behalf (*id.*). Evans states he presented these same constitutional issues to this federal court in a civil rights action he filed against the DOR, which is still pending (*id.*).

The right to remove a case from state to federal court derives from the statutory grant of jurisdiction in 28 U.S.C. § 1441, which provides in relevant part:

> (a) . . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

> (c) Whenever a separate and independent claim or cause of action within jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all maters in which State law predominates.

28 U.S.C. § 1441(a–c). Original jurisdiction over a case may be established where there is complete diversity and the matter in controversy exceeds the value of $75,000, (*see* 28 U.S.C. § 1332(a)), or where the action "aris[es] under the Constitution, laws, or treaties of the United States" (*see* 28 U.S.C. § 1331). Geddes v. American Airlines, Inc., 321 F.3d 1349, 1352 n.2 (11th Cir. 2003). In assessing the propriety of removal, the rules for determining whether a controversy "arises under" federal law, thereby creating federal question jurisdiction, are well established. First, federal law must be an "essential" element of the plaintiff's cause of action. Gully v. First Nat'l Bank in Meridian, 299 U.S. 109, 112, 57 S. Ct. 96, 97, 81 L. Ed. 70 (1936). Second, the federal question which is the predicate for removal must be "presented on the face of the plaintiff's properly pleaded complaint." Rivet v. Regions Bank of Louisiana, 552 U.S. 470, 475, 118 S. Ct. 921, 925, 139 L. Ed. 2d 912 (1998) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987)); *see also* Gully, 299 U.S. at 112–13 ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the

United States must be an element, and an essential one, of the plaintiff's cause of action. . . . and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." ). "A case will not be removable if the complaint does not affirmatively allege a federal claim." <u>Beneficial Nat'l Bank v. Anderson</u>, 539 U.S. 1, 6, 123 S. Ct. 2058, 156 L. Ed. 2d 1 (2003). Thus, the federal claim or right that provides the predicate for removal cannot appear for the first time in a defendant's answer by way of defense, nor is it sufficient for the federal question to enter the case as a counterclaim asserted by a defendant. 14B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3722, pp. 402–14 (3d ed. 1998 & Supp. 2008); *see* <u>Caterpillar Inc.</u>, 482 U.S. at 399 ("[A] defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated."); <u>Gully</u>, 299 U.S. at 113; *see also* <u>Hunt v. Lamb</u>, 427 F.3d 725 (10th Cir. 2005) (vacating dismissal and ordering remand to state court, holding that court lacked jurisdiction over custody dispute, even if defendant sought to vindicate federal civil and constitutional rights by way of defense or counterclaim); <u>Takeda v. Northwestern Nat. Life Ins. Co.</u>, 765 F.2d 815, 822 (9th Cir. 1985) (removability cannot be created by defendant pleading a counterclaim presenting a federal question). Third, the federal question raised must be a "substantial" one. <u>Hagans v. Levine</u>, 415 U.S. 528, 536, 94 S. Ct. 1372, 1378, 39 L. Ed. 2d 577 (1974). Finally, the party seeking removal bears the burden of satisfying each of these preconditions. <u>Phillips Petroleum Co. v. Texaco, Inc.</u>, 415 U.S. 125, 127–28, 94 S. Ct. 1002, 1003, 39 L. Ed. 2d 209 (1974); <u>Burns v. Windsor Inc. Co.</u>, 31 F.3d 1092, 1095 (11th Cir. 1994) (the defendant seeking removal has the heavy burden of proving removal is proper). Remand is favored when there is a doubt as to whether removal was proper. *See* <u>Russell Corp. v. American Home Assurance Co.</u>, 264 F.3d 1040, 1050 (11th Cir. 2001); <u>Burns</u>, *supra*.

In the instant case, Evans has failed to carry his burden of demonstrating that removal is proper under the court's federal question jurisdiction. It is clear from a review of the complaint filed by the DOR in state court that its enforcement action arises exclusively under state law, specifically, Florida Statutes sections 409.2563(9)(c), 409.2563(9)(d), 409.2563(10)(b) and 120.69, which authorize the DOR to initiate a collection action in state court to enforce an administrative support

order issued by that agency (*see* Doc. 1, Appx. A). The fact that the DOR is designated by Florida statute as the state agency responsible for the administration of the child enforcement services under Title IV-D of the Social Security Act, 42 U.S.C. § 651 *et seq.* (the federal statute which provides funding to states to collect child support from non-custodial parents), *see* Florida Statutes section 409.2557, does not inject a federal claim into the state enforcement action. Furthermore, Evans' asserting a federal constitutional defense to the enforcement action does not provide a basis for removal.[1] *See* Caterpillar Inc., 482 U.S. at 399 ("[A] defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated.").

Evans also asserts he is proceeding under § 1443 of the removal statutes on the ground that he does not believe he can enforce his federal rights in state court because the DOR disregards federal law and because he has federal civil rights litigation pending (*id.*). Section 1443 provides:

> Any of the following civil actions . . . commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

---

[1] In Evans' civil rights action filed with this court, he sued Lisa Echeverri, the Executive Director of the DOR, claiming that she violated his rights to substantive due process and equal protection by failing to properly supervise her subordinates. *See* Complaint, Evans v. Echeverri, Case No. 3:09cv297/MCR/EMT (N.D. Fla. Aug. 14, 2009). Evans asserted that Director Echeverri's subordinates in Okaloosa County violated 42 U.S.C. § 601 *et seq.* by initiating and pursuing child support proceedings against him without authority to do so, since Ms. Campbell, the custodial parent, had not received temporary cash assistance or foster care payments, nor had she requested that the Florida DOR initiate child support proceedings on her behalf. Plaintiff asserted these were the only circumstances under which Section 601 authorized the State to initiate and pursue child support proceedings. *Id.* at 6–7. Evans additionally contended the Florida DOR's taking of his money without statutory authority to do so violated his substantive due process rights. *Id.* at 7. He further contended the Florida DOR was treating him differently than similarly situated non-custodial parents, in violation of his equal protection rights. *Id.* On October 28, 2009, the undersigned issued a Report and Recommendation recommending that Evans' claims for equitable relief against Director Echeverri be dismissed with prejudice on Younger abstention grounds, that his claims for monetary relief against Director Echeverri in her official capacity be dismissed on the basis of Eleventh Amendment immunity, that Evans' claims for monetary relief against Director Echeverri in her individual capacity be dismissed for failure to state a claim, and that Evans' state law claims be dismissed without prejudice to his right to assert them in state court. *See* Report and Recommendation, Evans v. Echeverri, Case No. 3:09cv297/MCR/EMT (N.D. Fla. Oct. 28, 2009).

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

The Supreme Court has held that a notice of removal under 28 U.S.C. § 1443(1) must satisfy a two-pronged test.  *See* <u>Johnson v. Mississippi</u>, 421 U.S. 213, 219, 95 S. Ct. 1591, 44 L. Ed. 2d 121 (1975) (citing <u>Georgia v. Rachel</u>, 384 U.S. 780, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966) and <u>City of Greenwood v. Peacock</u>, 384 U.S. 808, 86 S. Ct. 1800, 16 L. Ed. 2d 944 (1966)).  First, it must appear that the right allegedly denied the removing defendant arises under a federal law "providing for specific civil rights stated in terms of racial equality."  *Id.* (citation internal quotation omitted); *see also* <u>Alabama v. Conley</u>, 245 F.3d 1292, 1295 (11th Cir. 2001) (citing <u>Georgia v. Rachel</u>, *supra*). As to this first prong, "broad assertions under the Equal Protection Clause . . . are insufficient to support a valid claim of removal because racial equality rights to not include rights of general application."  *See* <u>Conley</u>, 245 F.2d at 1295–96.

Second, it must appear, in accordance with the provisions of Section 1443(1), that the removing defendant is "denied or cannot enforce" the specified federal rights "in the courts of (the) State."  *Id.*  This provision normally requires that the "denial be manifest in a formal expression of state law," such as a state legislative or constitutional provision, "rather than a denial first made manifest in the trial of the case."  *Id.* (citation and internal quotation omitted).  Except in the unusual case where "an equivalent basis could be shown for an equally firm prediction that the defendant would be 'denied or cannot enforce' the specified federal rights in the state court," it was to be expected that the protection of federal constitutional or statutory rights could be effected in the pending state proceedings, civil or criminal. *Id.* (quoting <u>Georgia v. Rachel</u>, *supra*, 384 U.S. at 804). Failure to satisfy either prong of the two-pronged test is fatal to removal.  <u>Williams v. State of Mississippi</u>, 608 F.2d 1021, 1022 (5th Cir. 1979).[2]

In the instant case, Evans has failed to satisfy the first prong of the removal test under § 1443(1).  Although the right to due process arises under the Fourteenth Amendment, that constitutional right is not a specific civil right couched in terms of racial equality, rather, it is a broad

---

[2] Decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981, shall be binding as precedent on the Eleventh Circuit.  <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1207 (11th Cir. 1981).

constitutional guarantee of general application. Likewise, Evans' equal protection claim, that the DOR is treating him differently than similarly situated non-custodial parents, is not based upon racial inequality, but upon the broad constitutional guarantee of equal protection. Therefore, Evans' broad assertions that his due process and equal protection rights were violated do not provide a basis for removal under Section 1443. *See* Rachel, 384 U.S. at 792 ("[D]efendants' broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands."); Conley, 245 F.3d at 1295–96 (broad assertion that state court action violated rights under Equal Protection Clause was insufficient to support valid claim for removal under § 1443(1)); Varney v. State of Georgia, 446 F.2d 1368, 1369 (5th Cir. 1971) (defendant's claims alleging violations of Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments had nothing to do with racial equality, therefore, removal was not proper under Section 1443(1)); State of Georgia v. Spencer, 441 F.2d 397, 398 (5th Cir. 1971) (Section 1443 applies only to rights granted in terms of racial equality; claims of rights under constitutional guarantees of free speech and due process will not support removal); *see, e.g.,* Hurt-Whitmire v. Georgia, No. 08-17235, 2009 WL 1927940, at **1–2 (11th Cir. July 7, 2009) (state court defendant's allegation that removal of state prosecution was proper under § 1443 because state court would deny her equal protection and due process rights was too broad to support claim for removal);[3] Alabama v. Huffaker, No. 08-680-KD-C, 2009 WL 197806, at *2 (S.D. Ala. Jan. 26, 2009) (defendant non-custodial parent seeking to remove civil action brought against him by former spouse in state court to collect unpaid child support and alimony and to modify divorce decree to provide post-minority child support failed to allege adequate grounds for removal under § 1443(1) because he failed to show that his federal constitutional rights to due process and equal protection, as well as his "fundamental rights" as a parent, arose under a federal law providing for specific civil rights stated in terms of racial equality).

---

[3] The undersigned cites Hurt-Whitmire v. Georgia only as persuasive authority and recognizes that the opinion is not considered binding precedent. *See* 11th Cir. R. 36-2.

Case No: 3:09cv467/MCR/EMT

Section 1443(2) is equally unavailable since its provisions are limited to federal officers and those authorized to act for them or under them. *See* <u>Varney</u>, 446 F.2d at 1369 (citing <u>City of Greenwood v. Peacock</u>, 384 U.S. at 824).

Summary disposition of the notice of removal is proper because, assuming arguendo that Evans could establish the validity of his due process or equal protection claims, neither of them provides a basis for removal under Section 1441 or 1443. *See* <u>Varney</u>, 446 F.2d at 1369 (district court did not err in remanding case without conducting a hearing where, assuming arguendo that removing defendant could establish validity of his claims, it was "patent" that none of them supported removal); <u>Spencer</u>, 441 F.2d at 398 (same).

Accordingly, it is **ORDERED**:

Plaintiff's motion to proceed in forma pauperis (Doc. 4) is **GRANTED**.

And it is respectfully **RECOMMENDED**:

That the removal be **DISMISSED** as improper and the clerk be directed to **REMAND** this case to the Circuit Court for Okaloosa County, Florida.

At Pensacola, Florida, this 4th day of December 2009.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**